# Order

Michigan Supreme Court
Lansing, Michigan

December 29, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

139345-7(121)

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
   Defendants-Appellants.
_____/

SC: 139345
COA: 278652
Ingham CC: 07-000242-CZ

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
   Defendants-Appellants.
_____/

SC: 139346
COA: 278858
Ingham CC: 07-000242-CZ

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

SC: 139347
COA: 278860
Ingham CC: 07-000242-CZ

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
               Defendants-Appellants.
_____/

On order of the Court, the motion to deem this Court's release of Chief Justice KELLY'S, Justice CORRIGAN'S and Justice MARKMAN'S statements on December 22 to be the Court's final order is considered, and it is DENIED.

The motion was untimely because it was filed December 28, 2010. The statements issued on December 22 did not constitute an order and did not modify the substance of the November 30, 2010 order of the Court. Pursuant to MCR 7.313(E), the period for reconsideration expired December 21, 2010, which was 21 days after November 30, 2010, the date of the Court's order. An order is effective on the date it is entered, except in circumstances not applicable here. See MCR 7.317(D).

Defendants' claim that they did not have the benefit of this Court's full reasoning until December 22 is incorrect. Concurring and dissenting statements are not binding authority and do not speak for the Court. They convey the reasoning of the individual justices who sign them, not the reasoning of the Court.

No motion for reconsideration of this order will be entertained.

MARKMAN, J. (*dissenting*).

I dissent from the order denying defendants' motion for reconsideration, and defendants' motion to deem the December 22, 2010 order as the Court's final order. For the reasons stated in my statements of July 16, 2010 and November 30, 2010, I would grant defendants' motion for reconsideration, vacate this Court's order granting plaintiffs' motion for reconsideration, and reinstate this Court's July 16, 2010 order.

The procedural history of this case is unusual and raises legal issues of first impression. One such issue is whether, as Justice CORRIGAN argues, parties have a constitutional right to have dissents considered before having to file a motion for reconsideration. See Const 1963, art 6, § 6 ("When a judge dissents in whole or in part he shall give in writing the reasons for his dissent."). Here, given that Justice CORRIGAN's dissent was not issued until December 22, 2010 (with the issuance of her statement having been expressly contemplated by what this Court issued on November 30, 2010), defendants were never afforded such an opportunity.

Put another way, is a party entitled to assess whether to file a motion for reconsideration, and how most effectively to fashion his or her arguments in support of such a motion, only after having been fully apprised of where the entire "court" stands on the underlying issue, as opposed only to where some individual justices stand? Related

to this, before a motion for reconsideration must be filed, is a party entitled to have the arguments of dissenting justices considered by the majority, so that the majority may possibly be persuaded by such arguments? Thus, the decisive issue of first impression— were defendants here required to file their motion for reconsideration within 21 days of November 30, 2010, or within 21 days of December 22, 2010?

These questions must be considered both in the context of the constitution, as Justice CORRIGAN asserts, and in the context of the court rules themselves. See MCR 7.313(E). In addition, assuming that either of these sources of the law afford a party the right to consider dissenting statements before being required to file a motion for reconsideration, what is the proper remedy where this right has not been afforded?

Unlike Justice CORRIGAN (who provides analysis for her position), and the majority (which provides no analysis for its contrary position), I have not yet reached a conclusion concerning what is required by the constitution or the court rules in these regards. I do, however, share Justice CORRIGAN's concerns about the propriety of the procedures followed by the majority in its determination to resolve these issues by December 31, 2010. See also, *MEA v Sec'y of State*, ___Mich ___, Section VI (2010) (Docket No. 137451)(MARKMAN, J., dissenting). Therefore, because I believe that defendants' motion, which we just received on December 28, 2010, raises legal issues of first impression, and because there are no emergency circumstances present here that require us to decide these issues within 48 hours of the motion, I would direct the parties to brief these issues and direct the Clerk to schedule oral argument at the earliest opportunity.

Concerning the majority's assertion that "no motion for reconsideration of this order will be entertained," we remind the majority that, while it may bind this Court by its substantive decisions, it does not bind by its pronouncements as to controversies that have not yet been presented to the Court, i.e., motions for reconsideration that have not yet been filed. That is not how this Court's "judicial power" is exercised.

Finally, with regard to the underlying motion for reconsideration in this case, I reaffirm my concern in allowing plaintiffs' class action to proceed. In particular, I reaffirm my concern that plaintiffs' claims: (a) threaten to have the judiciary override, and assume ongoing control, of Michigan's system of local control and funding of legal services for indigent defendants, despite the absence here of any constitutional violation; (b) threaten, in the words of the Court of Appeals, "a cessation of criminal prosecutions against indigent defendants," *Duncan v Michigan*, 284 Mich App 246, 273, 281 (2009); and (c) extend an open invitation to Michigan trial courts to assume ongoing operational control over the systems for providing defense counsel to indigent defendants in Berrien, Genesee and Muskegon counties, and with that an invitation to compel state legislative appropriations, and executive branch acquiescence in such appropriations, in assuming

similar judicial control over the criminal justice systems in every county of this state, while nullifying provisions of the criminal defense act and superseding the authority of the Supreme Court and the State Court Administrator.

YOUNG, J., joins the statement of MARKMAN, J.

Further statements may follow.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2010

_____
Clerk